

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Texas State Board of Health
Austin, Texas

Att'n: J. Overby Smith, State Director
 Bedding Division

Dear Sir:

> Opinion No. O-1413
> Re: Is a manufacturer of bedding required
> to place the legal label and affix the
> bedding revenue stamp to articles man-
> ufactured for Texas A. & M. College or
> any other state institution of the Fed-
> eral Government?
>
> How can revenue stamps spoiled by the
> printers be disposed of?

We are in receipt of your request which reads as follows:

"In connection with the supervision and en-
forcement of the bedding law (Senate Bill #800)
which is now in effect, will you please advise
us on the following legal points:

"First, is a manufacturer of bedding requir-
ed to place the law label and affix the bedding
revenue stamp to those articles manufactured
for Texas A & M College or any other state in-
stitution where that work is done under state
contract.

"Second, would those articles manufactured
for the United States Government be required to
carry the law label and revenue stamp.

"Third, in printing our revenue stamps the
printers spoiled quite a number of the same, and
we would like to know just how we are to legally
dispose of them."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Texas State Board of Health, page 2

Your first and second questions are answerable in the affirmative.

Article 4476a, Vernon's Annotated Civil Statutes (S.B. 200 of the 46th Legislature) does not exempt the manufacturer of bedding from affixing the law label (Section 2) and the bedding revenue stamp (Section 7) on bedding manufactured for a state institution or for the United States Government.

The only exceptions in the law are given in Section 11, which reads as follows:

"Exceptions. Section 11. The provisions of this Act shall apply to all bedding manufactured, repaired, renovated and/or sold after the effective date hereof; but the same shall not apply to bedding which has been manufactured, repaired or renovated prior to the effective date hereof."

The element of state or federal contract does not alter the situation.

The dual purposes of the Act were the protection of health and the prevention of the spread of disease. (Section 5). Both the state and federal government are entitled to share in the benefit of this sanitary Act.

We refer you to our opinion No. O-1192 by the Hon. Morris Hodges, Assistant Attorney General, to Dr. Geo. W. Cox, State Health Officer, Austin, Texas.

In the above numbered opinion it was held that "the bedding manufacturers and renovators must comply with the law after the effective date and place the required tag and adhesive stamp upon all bedding manufactured and renovated as required by the terms of this law. In the event they fail to comply with the requirements of this Act, they will be subject to the penalties provided in Section 9 of this bill."

In answer to your third question as to the disposition of revenue stamps spoiled by the printer, we feel

Texas State Board of Health, page 3

that you have not furnished us with sufficient facts to enable us to understand the situation. We presume that your Department or the Board of Control placed the order for the stamps and entered into a contract concerning same with the printer or printers. The terms of the contract, if any, would be controlling as to replacements or reduction of contract price. In the meantime, we advise that the spoiled stamps be retained and a record of them be kept.

Trusting that we have fully answered your inquiries, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Dick Stout
Assistant

DS:ob

APPROVED SEP 18, 1939

ATTORNEY GENERAL OF TEXAS

